**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CR-05-153-GF-BMM** |
| Plaintiff, | |
| v. | **ORDER** |
| JENNIFER LYNN DEVEREAUX, | |
| Defendant. | |

**BACKGROUND**

Jennifer Lynn Devereaux moved the Court to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 148.) Devereaux is currently serving a sentence of 240 months for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a) and 846. (Doc. 93.) Devereaux has been in custody since October 11, 2005, with the exception of her Cares Act release of approximately 10 months. (Doc. 155 at 6.) Devereaux has served approximately 207 months of her 240-month sentence. Devereaux's scheduled release date is November 24, 2024. (Doc. 155 at 6.) Devereaux is currently incarcerated at a low security facility, the Federal Correctional Institute in Waseca, Minnesota. (Doc. 148 at 1.)

## I.      Availability of Relief Under 18 U.S.C. § 3582.

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). The First Step Act amendments to 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 3582(c)(1)(A) prove especially relevant to Devereaux's motion.

Where, as here, a motion for a sentence reduction is well taken, a court may modify a term of imprisonment following a finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* When deciding whether to reduce a sentence, a court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)–(2).

Congress has not defined those circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the Sentencing Commission to issue a policy statement in which it describes "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448.

2

The relevant Sentencing Commission policy statement lies in USSG § 1B1.13, titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"). Notably, the Sentencing Commission has not amended the Policy Statement since passage of the First Step Act. *See United States v. Haynes*, 456 F. Supp. 3d 496, 507 (E.D.N.Y. 2020); *Brown*, 411 F. Supp. 3d at 448. Many district courts have noted the unlikelihood of the Sentencing Commission updating the Policy Statement in the foreseeable future, as the Sentencing Commission requires four voting Commissioners to adopt a proposed amendment, and currently has only two voting Commissioners. *See, e.g., Haynes*, 456 F. Supp. 3d at 510 n.20; *Brown*, 411 F. Supp. 3d at 449 n.1; *United States v. Cantu*, 423 F. Supp. 3d 345, 347–48 n.1 (S.D. Tex. 2019); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020); *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Handerhan*, No. 110-CR-00298, 2019 WL 1437903, at *1 n.4 (M.D. Pa. Apr. 1, 2019).

The "Commentary" to the Policy Statement lists five "Application Notes," the terms of which evidence the Policy Statement's inapplicability to the amended § 3582(c)(1)(A). *See* USSG § 1B1.13 n.1–5. Note 1 lists those circumstances that qualify as "extraordinary and compelling," including the defendant's medical condition, age, family circumstances, and "Other Reasons." *Id.* n.1(A)–(D). The

"Other Reasons" subdivision to Note 1 provides as follows: "As determined by the Director of [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* n.1(D). Notes 4 and 5 likewise "speak plainly to the BOP's exclusive gate-keeping authority pre-[First Step Act]." *Haynes*, 456 F. Supp. 3d at 508. Note 4 provides, for example, that a "reduction under this policy statement may be granted *only* upon motion by the Director of the [BOP] pursuant to 18 U.S.C. § 3582(c)(1)(A)." USSG § 1B1.13 n.4 (emphasis added).

The pre-First Step Act Policy Statement does not account for amendments to § 3582(c)(1)(A), namely, removal of BOP's sentinel authority over sentence reduction petitions and extension to defendants of the right directly to move for a sentence reduction. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Policy Statement instead contemplates only motions filed by the BOP Director. *Id.*; *see also* USSG § 1B1.13.

When the First Step Act's amendments of § 3582(c)(1)(A) became effective, a split in authority emerged over whether the Policy Statement at USSG § 1B1.13 remained "applicable" to § 3582(c)(1)(A) motions directly filed by defendants. *See Beck*, 425 F. Supp. 3d at 579 (quoting § 3582(c)(1)(A)(i)'s requirement that a court's sentencing reduction must be "consistent" with any "applicable" policy statements); *Cantu*, 423 F. Supp. 3d at 351 ("Given the changes to [§ 3582(c)(1)(A)], the policy-

statement provision that was previously applicable . . . no longer fits . . . and thus does not comply with the congressional mandate that the policy statement must provide guidance on the appropriate use of sentence-modification provisions under § 3582."); *Haynes*, 456 F. Supp. 3d at 511–13 (citing "at least twelve" other federal district courts that have held the Policy Statement's "extraordinary and compelling reasons" list to be unexhaustive for defendants' direct sentence reduction motions).

The Ninth Circuit subsequently issued its decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). *Aruda* makes clear that the Policy Statement at USSG § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." 993 F.3d at 801. Where a court considers a sentence reduction motion directly filed by a defendant under the First Step Act, the substantive standards for what may qualify as extraordinary and compelling expand beyond the bounds of guidance provided in USSG § 1B1.13's Policy Statement Application Notes. *Id.* at 802; *see also Haynes*, 456 F. Supp. 3d at 511–13; *Cantu*, 423 F. Supp. 3d at 350–52; *Beck*, 425 F. Supp. 3d at 578–80 (M.D.N.C. 2019); *Brown*, 411 F. Supp. 3d at 451.

Although the Policy Statement may provide helpful guidance, *see United States v. Booker*, 543 U.S. 220, 245 (2005), "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." *Beck*, 425 F. Supp. 3d at 579; *see*

*also United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020). The Court will look to additional considerations outside those listed in the Policy Statement to determine whether extraordinary and compelling circumstances compel a reduction in Devereaux's sentence.

## II.    Whether Devereaux has Demonstrated Extraordinary and Compelling Reasons.

Despite this Court's determination that it has discretion to provide relief, Devereaux still must demonstrate that extraordinary and compelling reasons support release or a reduction of her sentence. *Maumau*, 2020 WL 806121, at *5. Devereaux urges the Court to release her on the basis that: (a) Devereaux is the sole family member available to take care of her father who has failing health; (2) she has completed educational and vocational treating, as well as correctional treatment; (3) her early release would avoid sentence disparity because, since her sentencing in this case, Congress has reduced the mandatory minimum penalties for drug sentences so that she would not have received 240 months if sentenced today; and (4) due to her own health issues, she would be more susceptible to serious illness if she were to contract COVID-19. (Doc. 155 at 4.)

The Government opposes Devereaux's motion for compassionate relief for three reasons. (Doc. 157.) The Government argues that Devereaux's father's health care-related needs do not amount to extraordinary and compelling reasons for a sentence reduction. (Doc. 157 at 8.) The Government further argues that the

6

sentencing disparity in Devereaux's case that was created when Congress subsequently lowered the mandatory minimum guidelines for drug offenders like her from 20 years to 10 years does not overcome the balance of the § 3553(a) factors. (Doc. 157 at 9.) Finally, the Government argues that Devereaux's medical vulnerability to COVID-19 complications are minimal given BOP's procedures for managing infectious disease and resources to appropriately treat Devereaux's alleged side effects. (*Id*. at 10–11.)

The Court determines that extraordinary and compelling reasons exist to grant Devereaux's motion for compassionate release. Due to the extraordinary and compelling reasons presented by evidence of sentencing disparity considerations, as well as Devereaux's commitment to her recovery and personal growth while incarcerated, the Court will grant Devereaux's motion for compassionate release.

The Court may consider non-retroactive changes in sentencing laws as part of a defendant's overall request for compassionate release as it weighs the § 3553(a) factors. *United States v. Chen,* 48 F. 4th 1092 (9th Cir. 2022). Reducing Devereaux's sentence comports with the § 3553(a) sentencing factors. Devereaux was a criminal history category seven. (Doc. 157 at 2.) Devereaux's total offense level was calculated to be 32. (Doc. 93-2 at 5.) Devereaux's release now would mitigate a sentencing disparity in her case that was created when Congress lowered the mandatory minimum guidelines for drug offenders like her from 20 years to 10

years. *See* (Doc. 148 at 5–6). Devereaux would face a 10-year mandatory minimum sentence today for conspiracy to possess with intent to distribute methamphetamine. *See* 21 U.S.C. § 841(b)(1) (2023). Devereaux has served over approximately 17 years of her 20-year sentence. (Doc. 155 at 4.) Devereaux's minor infraction while she was originally released by BOP under the Cares Act in 2021, (*see* Doc. 158-2), does not outweigh the length of the time Devereaux has already served and Devereaux's overarching commitment to recovery. The time Devereaux has served reflects the seriousness of her offense, promotes respect for the law, and fulfills the need for "just punishment." § 3553(a)(1), (a)(2)(A).

"[E]vidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider." *Pepper v. United States*, 562 U.S. 476, 490 (2011). Devereaux's conduct while incarcerated provides further evidence that a reduced sentence proves appropriate. Devereaux has completed 33 classes while incarcerated, including Adult Continued Education, Mental Health and Wellness, and Non-Residential Drug & Alcohol Program. (Doc. 148 at 2.) She also completed the Life Changes Program, graduating at the top of her class. (*Id.*) Devereaux's pursuit of treatment programming while serving her sentence addresses the needs to "protect the public" and to "provide the defendant with needed education or vocational training" and "other correctional treatment." § 3553(a)(2)(C), (a)(2)(D). These considerations, in

8

combination with the present-day sentencing disparity of 10 years, all militate in favor of a reduced sentence.

Devereaux has a solid release plan in place. (Doc. 148 at 10–11.) Devereaux has strong family support, as evidenced by her correspondence with both her brother and father. (*Id*. at 56–59.) Devereaux has a residence that she will share with her partner, and her father will reside with them. (*Id*. at 11.) She will be able to provide care for her elderly father. *See* (Doc. 156.) Devereaux reports that employment is immediately available, as well as medical and addiction treatment. (*Id*.) The Court will grant Devereaux's motion. (Doc. 148.)

## ORDER

Accordingly, **IT IS ORDERED:**

1. Devereaux's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is **GRANTED**.

2. Pursuant to the original judgment and 18 USC 3582 (1)(A), the total term of supervised release shall be 10 years.

3. The U.S. Probation Office must verify Devereaux's residence and establish a release plan with an initial placement in a prerelease center for at least 1 month. Devereaux shall be released directly from custody to the Billings Pre-Release Center or other approved facility. Appropriate travel arrangements also must be made.

4. Devereaux shall be released on the earlier of the following dates:

   a. When the U.S. Probation Office is satisfied the requirements of paragraph three have been met; or

   b. Seventy (70) days from the date of this order.

5. The U.S. Probation Office shall review Devereaux's conditions of supervised release. If modifications are needed, the Probation Office should notify the counsel for both parties.

6. Devereaux must provide the Court with the complete address where she will reside upon release.

DATED this 17th day of January, 2023.

_____
Brian Morris, Chief District Judge
United States District Court